Case 25-1676. Randy Ramgoolam v. Ritu Gupta. Argument not to exceed 15 minutes per side. Counsel, you may proceed for the appellant when ready. Morning. Good morning. My name is Greg McLawson. I represent the appellate, Randy Ramgoolam, and I have reserved three minutes for rebuttal. Your Honors, our immigration law generously allows for any U.S. citizen to petition to bring another family member to the United States. But if you do that, that right comes with responsibilities. And our statute requires the sponsor to sign a binding financial support vouching for that immigrant family member. The issue presented by this appeal is whether divorce... So that contract, though, like anything, you know, you can waive your rights under it and you can assert your rights under it. Your Honor, I would say that federal courts, including the three circuits to address this, have not treated it as a standard contract and have looked primarily to the statute rather than to traditional contract law provisions to determine the rights of the parties. And Leo v. Mund, the Seventh Circuit case, is a good example of that, where Judge Posner says, you know, under traditional common law principles, sure, there's a duty to mitigate damage, but it's not imposed by the statute. For that reason, it doesn't apply in the case. Yeah, no, but the point here is, let's just say for the sake of argument, during the divorce proceeding, someone had raised the topic of, you know, the support agreement. You could have brought that up, right? I mean, that could have been brought up in the divorce hearing. You could have had an agreement that for all time, if his income ever goes below 125% of the poverty line, she has a duty to provide support. You could have said, let's just do a lump payment to deal with it because they were not getting along and they had bigger fish to fry with the child and so forth. I mean, there's just a whole range of possibilities. And the whole point of the divorce is to, these people aren't getting along. Let's find a way for them not to have to interact with each other. So, I don't know, I'm putting my cards on the table. I just find it hard to understand why this wouldn't have been quite appropriate to resolve. And let me clarify the factual issues first, because it seems that the briefing still feels, to me, a little bit unclear on that. Well, it's a motion to dismiss, so we got to, right? The factual issue, though, is that this issue, the affidavit of support in the federal claim, was not raised in any way, shape, or form. Yeah, yeah, yeah. That's the big problem with claim preclusion. Issue preclusion is where it is raised, but claim preclusion is where it should have been raised. Certainly. But the Dr. Gupta's argument has vacillated between my client either did raise or didn't raise this in the divorce. And I just wanted to make clear that the actual facts, and the lower court found this specifically, was that it was never raised in any way, shape, or form in the family law case. Well, how does that help you? Because there are, of course, two completely distinct res judicata theories we could be using. One is that the couple in the divorce court didn't like the result, and then came into federal court and wanted to argue about it. But if he didn't raise it, right, and then now he wants to raise it, but he could have raised it before, I don't understand how that's going to help you for purposes of claim preclusion under Michigan law. It's respectfully not clear that he could have raised it in Michigan. So there's no published case law in Michigan that would have put Mr. Ram Gulam on notice that this was even possible. You carefully said published, because there's one unpublished, but then there are lots of other states that have allowed this. Why don't you take this on, because this really does seem to be the heart of your argument, that somehow there's some preemption concept that state law divorce proceedings can't engage with a federal contract, right? Is that one of your theories, your preemption idea? I'll use the example of my home state of Washington, and I argued the case. This is the Matter of Khan case. I represented a party in an appeal from a divorce and pitched an argument very similar to what Judge Davis is arguing here. I was representing a party who had brought up the affidavit of support in the family court proceeding and said, hey, Judge, we're all here in the same room. It sure makes a lot of sense to us to just take care of this federal law issue. And the Court of Appeals, affirming the lower court, said, when we look at the statute that governs maintenance in the state of Washington, which isn't all that different from Michigan's  Just, I mean, you can tell us the story. I don't want to cut you off, but I just want to make sure you're coming to grips with what our concerns, or at least my concerns might be. You're allowed to deal with federal-based claims in a state divorce proceeding. I'll just give you a very good example. IRS, all right? Those are federal. You could have a husband who owes $100,000 to the IRS, and that debt arose during the  Surely the divorce can talk about those things. There's just, state courts hear federal and state claims all the time. So I'm trying to figure out, are you making a special INA point? Are you making a federal law point? Supremacy clause point? I mean, maybe your story of your case will illustrate this, but I wasn't sure it was going to. Well, and what happened in the Conn case was what the appeals court told us was, no, you can't. You can't use maintenance as a vehicle to enforce this right, because our maintenance statute doesn't allow it, because contract claims can't be shoehorned into any of the And so if Mr. Fair enough. That's maintenance. That's one feature of divorce. The divorce resolves everything. Child, house, support obligations. There's a whole range of things. I'm absolutely astonished by the idea that something called a federal claim couldn't be resolved in the state divorce proceeding. There are no federal divorce proceedings, right? We don't go to federal court for divorce. So you only have that one option. By definition, you've got to do everything. That can include obligations under federal law. This does not arise from the divorce. It rises exclusively from federal law. And the fact that there's concurrent jurisdiction for civil state courts generally is an opportunity, not a trap door for a sponsored immigrant in Mr. Ramgoolam's situation. He could have elected to file a separate civil claim. So I guess your position is because it's an INA federal support obligation, it can never be resolved in a state divorce proceeding. Is that an accurate description of your position? Well, it would, first of all, be up to the procedural rules of the Michigan. No, but just go right to the point. I'll say it's pretty clear. Federal INA support obligation. Is that inappropriate for a state divorce proceeding to be resolved? If the federal court allowed it to be joined procedurally as a standalone civil claim, not as an argument, as an equitable pitch in support of alimony, but as a standalone civil claim, then sure, that's a fair opportunity to have the claim heard. In the state divorce proceeding? In the state divorce proceeding. If it's treated as a standalone civil claim, totally distinct from alimony, because the reason that matters is if it's bundled in together with the alimony determination, then it gets watered down. The obligation that's otherwise black and white. That's because you don't have to assert all your rights if you don't want to. Your client doesn't have to assert all, he can decide, I'm going to give this up because I want to see the kid a little more, or I want the house. I'm saying if he goes to the mat and says, I want an alimony order based on this affidavit of support, under Michigan law, the court would be well within its prerogative to say, well, you might be entitled to $1,600 a month under federal law, but I'm going to reduce that in the light of equitable factors that are allowed under Michigan's alimony statute. A federal court can't do that because the statute doesn't allow it. In federal court, Mr. Ramgoolam's damages are black and white. They're based on the difference between his income and 125% of the poverty guideline, nothing else, because that's what the INA says. Once you introduce equitable factors of alimony, a judge can consider all sorts of things. That all makes sense. I'm just saying it can be waived. You don't have to assert your rights. He comes into court and he says, just what you just said, you cannot touch this. The person on the other side says, okay, fine. My position is going to be on these other statutes or these other rights I have, or the kid, or the house, or the vacation home, whatever it is. It's just how it works. Well, it's how it works in divorce court, but that's why Mr. Ramgoolam was wise to assert the claim in federal court, where his claim... After signing a divorce proceeding that says I have no other rights of support... Well, and of course the... That looks like fraud, if that's what you're saying he was doing. Well, and this of course goes to the timing issue we've argued, which is that in March of 2022, he couldn't possibly have known whether he would have a claim based on his annual support, which isn't ascertainable until December. You can't know in March of 2022 whether your annual income is going to be below 125% of the poverty guideline, because it's the first quarter of the year. Let alone future years... Perfect explanation for having the divorce decree say there's no obligations to support in either direction, save for the INA one, which I can't identify at this point. Very easy clause to insert into the divorce agreement. To pull back for one minute, what would happen if this court affirmed the lower court? This is, first of all, a direct conflict with the Ninth Circuit, because the Ninth Circuit says divorce judgments can't defeat claims under the affidavit of support, period. So there would be a conflict there. What we would have, though, is... Out of curiosity, the Ninth Circuit case you're referring to... Earler v. Earler in 2016. No, I'm asking you a feature of the case. Does it have this language that this divorce decree has, that people have waived all their rights, all obligations of support are satisfied, you can't seek... Let me finish. Does that case have a similar clause in the divorce agreement? Similar, yes. Earler involved a specific waiver of support. It didn't reference the affidavit of support specifically, but it was a nuptial waiver of all support from the other spouse. So what we would have is a federal rubric, which is, first of all, going to be significantly different substantive rights between circuits. And then secondly, we would have identically situated classes of immigrants, because this applies to all family-sponsored immigrants. But we'd only have... I'm sorry. We'd only be creating a circuit split if we relied on the claims release, right? No, Your Honor, because the only distinction between Mr. Ramboulon and other similarly situated immigrants is going to be a divorce that did not address the affidavit of support. The only thing that is distinct about Mr. Ramboulon's situation is the part he's got divorced. And then he's told after the fact that he should have thought to bring up the affidavit of support in Michigan. So it's going to mean that sponsored immigrants who haven't gotten divorced or are classes of immigrants that aren't based on marriage, they will have rights under the affidavit and divorced immigrants won't have any rights under the affidavit, even though the statute doesn't say anything about divorce terminating the affidavit. And the affidavit of support itself, Exhibit 1 to our complaint, says in bold font, divorce does not terminate your rights under the affidavit of support. But you agree they're waivable rights. If they're expressly waived, yes. But what Earler says and the other two circuits, Seventh and Eleventh, are on the same page here. May I finish the point? Yeah, yeah. They're skeptical about any procedural doctrine that thwarts a sponsored immigrant. I'm sorry, but the other two circuits are about the substantive contract law claims, right? Those are about, you can't defeat it with, I forget what the precise principles were, but with various equitable estoppel, whatever it might be. The Ninth Circuit is the only one that rests on a claims release. And that Ninth Circuit opinion is kind of thin. The Eleventh Circuit specifically addresses equitable estoppel, which is really a sister doctrine of res judicata. They're both judicially created procedural doctrines. And the Eleventh Circuit, specifically in Belovich, says equitable estoppel doesn't apply here because it's not in the statute. Why is equitable estoppel like claim preclusion? Other than they share equity? In the sense that they're both judicially created doctrines about how you can lose your rights by, in that case, taking one position and then reversing it elsewhere. And the Eleventh Circuit says that doctrine just categorically can't be raised as a defense because it's not provided for in the statute. All three circuits are on the same page that if we want to look to the defenses available to a sponsor, we look at the terminating events defined by the INA. Do you have any more for now? All right. Well, you'll get your full rebuttal. Thank you. We'll hear from the other side. Good morning. Good morning. May it please the Court. Seth Gould for the appellee, Dr. Ritu Gupta. This appeal asks whether a party who signed a broad mutual release in a divorce proceeding, a final judgment, consent judgments as far as I learned in law school, are final judgments that have preclusive effects, may later bring a breach of contract claim based on a contract that was signed, and if you read the complaint in the federal lawsuit, purportedly breached even before the divorce judgment was entered. There was 13 months from when Mr. Ramgoolam became a legal resident. That was in February of 21. And the divorce judgment that released all claims was entered on March of 2022. There isn't really much briefing. Tell us about the Ninth Circuit case. The Ninth Circuit case earlier, by my reading, although I didn't read the district court opinion in that case, I just read the Ninth Circuit opinion, it was light. It didn't really even talk about release. And unlike the Sixth Circuit in Davis v. United... Is it a claim preclusion case? It's not, as far as I understand. There's no mention of a release in the facts section of the Ninth Circuit opinion earlier. It really rests on a principle that has been argued by immigrants in court that the INA claim is a federal claim that can't be addressed in a divorce proceeding, which this court in Davis v. United States actually disregarded, rejected. Per your comments, Chief Judge Sutton, which is that divorce cases all the time will address federal claims in their divorce case. And the truth is, is that this release was very broad. I'm just trying to speculate a little bit about what's going on here. I guess I could see someone saying, don't let this federal right get diluted by alimony rules. That makes a lot of sense to me, that that would be quite unfair. This is a separate right. You get it. But of course, if you don't bring it, it's like any contract. Now, I guess his point is that it only kicks in when he's below 125%. And let's just say for the sake of argument, so don't challenge the facts. Let's just say for the sake of argument, at the time of the divorce, he had never been below 125%. How do you respond to that? Doesn't that seem a little bit unfair that he waives his right? In that inapposite fact section, fact recitation by you, yeah, it could be unfair. But the Michigan Court of Appeals in Greenleaf addressed the mechanics of how you decide this federal claim in divorce in the context of alimony. What they said is you first decide the federal claim. It's elementary school math. It's his income. And is it above or below the 125% poverty level? You first do that mathematical. I don't know how you're responding to my point. I'm trying to say that you have a divorce proceeding. You're trying to get this relationship behind them. He has not yet been below 125%. So there's no calculation to make. The obligation has not kicked in yet. Yes. It could kick in in the future. So how do we deal with that in a claim preclusion setting? Well, as I tried to respond to you earlier and said, that's not the facts here. You're giving a fact... But it's a motion to dismiss. Let's just say I'm a bad judge. That's how I think the facts are. I happen to think the facts are that he'd yet to have income below 125% at the time of the divorce. Claim preclusion is could have brought. It's not just did bring. That's not an issue preclusion. Issue preclusion, I hope you appreciate, is different. I do. Okay. So what's your response to that point? My response to that point is you accept it out of the divorce proceeding and the settlement, the divorce judgment that waives all claims potential, actual, no right to any property. She signed a settlement agreement, which basically she gave up child support. And what she did is she entered into a broad release, thinking that this would be an end all for all claims. And in the case where you can't bring at the time of the divorce this type of federal claim, you should accept it out from the release. That's my response. And what I was trying to say is Greenleaf tells you, that's the Michigan Court of Appeals, do it first, do the federal claim. In our case, do the federal claim first and then do the determination. So why, I don't know what you mean by do the federal claim first if there's no federal claim. Well, you're giving me a fact pattern that I'm pushing back on you. I disagree with your facts for this case. Right, but we have to decide, whatever we say here is going to affect a future case too. So even if the facts are as you say they are, we have to think- Well, you have to raise in the district court, in the federal lawsuit, you have to raise at the motion to dismiss stage, you have to raise the fact that it wasn't right. They didn't do that in this case. You have to argue, I didn't have the right to argue a federal claim in the state court case because it wasn't right. But they didn't argue that down below, Judge Larson. What they did is they said, federal claims cannot be decided in a divorce proceeding. That was their argument down below. Then they pivoted on this appeal. And Judge Larson, what they did is they, then they raised this preemption argument. Okay, keep going. And I can, and the law of- I haven't heard him say preemption yet though in this today. No, he didn't mention it today because you were asking a lot of questions of him. And he'll have a rebuttal. But the- I hope I wasn't arguing, but I guess you've called me out. I have, I have. But the preemption doctrine, I will address, and we did address in the brief, briefing, Judge Davis, we talked about the fact that silence does not abrogate a doctrine like claim preclusion that's been around since the Roman Empire in our law. It's 2,000 years old. He says his claim is not precluded because he couldn't have brought it under Michigan law. And, you know, Michigan law on this is a little bit, a little bit confusing because it seems that you use the same transaction test that comes from Joinder. But that same transaction test is about compulsory claims, not about permissive claims. And this obviously is something we're saying he could have brought. Obviously, he didn't have to bring it. So can you just help me? I mean, are we thinking of, is the district, was the district court thinking about Michigan claim preclusion correctly? I believe they, she, she was. The Judge Beam was. She, we have a very broad, one of the broadest in the nation rules regarding claim preclusion. And it's this, it is same transaction and occurrence. It's really, are the facts that are involved in the first claim such that they would support the second later, in this case, federal claim? And they are. The guy's income is really a common Venn diagram of what you need to look at. It's the same evidence. Is that true for someone? I understand you're going to say that's not this guy. So I'm going to say it's a hypothetical. Okay. A hypothetical claimant whose income has never fallen below 125% yet, but might, you know, 10 years in the future. So is it this common nucleus of operative facts? No, in that situation, as I think I was trying perhaps inarticulately to Judge Sutton say, is that you can argue in the federal case later when it becomes ripe, in the context of a motion to dismiss, you can then. So you're saying his, that claim is not precluded. He didn't need to reserve. In your hypothetical. In my hypothetical, my hypothetical. Right. Different. He's going to get you arguing before it's over.  My different claimant didn't need to reserve in the, or even argue about this release, or about this federal support obligation in the divorce proceeding. Because that claimant has been making, you know, $2 million a year. So obviously, but then, you know, falls on hard times 10 years in the future, still has a ripe federal claim. Yes, I think so. Later, a subsequent, when it becomes ripe. So everything depends on the facts for you of this case? I'm resting the arguments on the complaint. And what are the allegations of the complaint? And the allegations of the complaint are that this guy was below poverty level, or below 125% of poverty level, soon as he became a legal resident in February of 21. That's their, and the judge beam, what she did is she gave us an opportunity, gave the plaintiff an opportunity. After we filed our motion to dismiss, she gave a standard order that said to the plaintiff, when we're saying he could have, he should have brought it in the divorce case, that was our motion to dismiss. She gave him an opportunity to amend his complaint. And he did not take her up on that. Can I shift just a little bit out of curiosity on Michigan law for a second? So we have the claim preclusion, full faith and credit. We're applying Michigan law. Are there any procedures by which you, because there's no appeal of the divorce state court judgment, right? Everyone at the time is satisfied. Is there a procedure by which someone can go in state court and say, whoa, whoa, whoa. There's been an injustice because the language of this decree is too broad. It's covering a claim that no one anticipated. And we need to reopen it to address this. So I'm not saying you would agree to that. I'm just saying, I assume that's true, that you could go back to state court. I would think you could under a comparable state rule to rule 60 in the federal. So why isn't, I mean, I guess this is really a question for both of you, but I just wonder if that's the better vehicle here. I'm not saying it wins. I'm not saying it should be the right move, but to the extent there's uncertainty about how Michigan law works here and what you're supposed to and not supposed to raise. Well, the divorce court is like the better place. Divorce court says it continues to retain jurisdiction to address, you know, the final judgment says we retain jurisdiction to address whatever issues we need to address. Well, and you can, I mean, you can modify a divorce decree, right? Right. I mean, you go back for alteration of custody agreements. I mean, I was never a family court judge, but I do understand that these things get reopened, at least with respect to custody and sometimes support, correct? Correct. In fact, the genius of going to federal court is that you avoid the risk of reopening that one little thing, but the whole enchilada, including exactly what he has been making or exactly who's been doing what over the last several years. So it does seem like, frankly, a much more fair way to do it. My client was frankly very surprised and disappointed when two and a half years later, approximately, her ex-husband then asserts this federal claim in federal court. And the only pivots that have occurred in this case, as I said before, are pivots by the plaintiff's counsel. And they have waived the ripeness argument. This is, they had an opportunity to amend their complaint. There's no, there's surprise here and there's prejudice here in not having Kay Beam, who, by the way, was a family law judge. And she took earnestly Mr. McLaughlin's argument to task that you can't bring this up in a divorce case. She handled three or four of those cases where these claims were. There wasn't any publication of those opinions that I could find. But divorce judges, her personally, have dealt with these claims before and I understand the hypothetical on ripeness. And I think the reference, you just deal with that in the federal case. You argue, I couldn't have brought it in response to a res judicata argument. And you address it in the, and if it comes up later during the divorce case, you bring it back down to that divorce case. And you say, I'm now destitute. And maybe I was foolish. He was represented by counsel in the divorce case. So, you know, that's, if you have any other questions. I think we're good. Thank you very much. Thank you. Okay. Mr. McLaughlin, you have some rebuttal. Well, Your Honor, Judge Beam did very much rely on her own experience as a family court judge. And how in the world was Mr. Ramgoolam expected to know that, let alone his attorney, which he eventually retained after getting defaulted initially. If Mr. Ramgoolam or his attorney had taken a look at the state of federal law, including the Mal V. Bright case within the Sixth Circuit in Ohio, Mal V. Bright, which is published in the Federal Register. What's your take on my question of going back to state court where the fairness of that is, you know, your claim that he just didn't realize this was supposed to be addressed. But the reason it's fair to do it through that vehicle is if you're going to reopen, you're going to reopen everything. And it allows both sides to vent whatever concerns they have. Whereas this federal action, it's really quite unfair. You just think it's an automatic, give me some more money, with no accounting for anything else. So that actually seems to shift the equities in my mind quite a bit against your client. It's not an automatic anything. I mean, as soon as we get past the Rule 12 stage in one of these cases, we're into full discovery. It's not like... No, no, I'm asking... Okay, say what you want to say. But I'm trying to say, isn't it true you could do this, reopen the divorce proceeding? And I'm out of my pay grade in terms of Michigan substantive law in this. I will say that I started my career as a law clerk in state court in Washington. And the standard for reopening a judgment four years later in a divorce case, I don't believe I ever saw that happen in my two years as a clerk. So it's not something that just happens... Oh, because after divorces, they all get along and don't have any more litigation? Well, because finality of principles apply in state court just like they do in federal. And so the question is normally whether there's effectively fraud in his having... I mean, she's going to come back with the same argument, which is, well, you should have raised this in the divorce case and you didn't. And of course, our argument is going to be, he didn't have a claim in March. Yeah, but it's their preclusion law. They're the experts on Michigan preclusion law is the point. And here, I mean, this is, again, we've got a federal claim here. The idea that it's going to massively differ from state to state based on state preclusion law doctrines is a problem, not a good thing. Judge Davis had a question.  Just quickly, what is your response to Mr. Gould's point that you forfeited the rightness argument? That is, of course, the rightness argument is a fallback to a fallback to a fallback. Just to give the overview of our arguments, we first of all... So it's not important to you? Well, we, of course, ideally want the court to address this as a categorical issue and fall in line with the other three circuits and say this defense just isn't available, period. If the court doesn't do that, then we want to say that if you look at the rule on claim preclusion, that this doesn't arise from the same transaction as the party's marriage, because these rights don't come out of the marriage. They come out of the immigration petition, which Judge Posner says involves exclusively federal rights, not state rights. If the court rejects both of those tiers of arguments, then we get to the rightness issue. And in that case, if pushed, I would say that the Scottsdale insurance factors, the first three of them all militate in favor of considering this. Remember that down at the state court level, we were dealing with a scattershot of all of these different theories. First of all, Ricker-Feldman abstention, which we've won on. Then we had to argue that the first argument was claiming that my client raised this argument in state court. Are you basically saying there's exceptional circumstances such that we should say that you didn't forfeit it? That's the concise version, yes. One last thing, just to make sure I understand your first argument. So if you could just phrase your premier argument without reference to a single federal judge, without saying anything about other courts. Just say, as I understand it, your argument is the federal INA claim cannot be resolved in the state court. Is that your lead position? It can't be resolved in the state divorce proceeding? No, Your Honor. But say it in one sentence, say it. I might have to fudge beyond just the sentence. Our position is that the defenses available to Dr. Gupta are only the terminating conditions set forth in the INA and implementing regulations, semicolon. And because claim preclusion is not one of those, it is not available to her because it would be inconsistent with the INA, period. But I feel like I said just what you just said, that you can't raise the INA claim in a divorce proceeding. Our core argument does not rest on the position that concurrent jurisdiction... So you agree then that the INA claim could have been raised in the divorce proceeding. That's the opposite of what I just said. Well, I'm saying it doesn't matter for our position that even if concurrent jurisdiction... Yeah, what's your answer to the question? Can the INA claim be brought in a divorce proceeding? I don't know because there's no published Michigan law on that. I don't know. I honestly don't know. In my state, it can't be. In Washington, it cannot be. In California, it can be. In Texas, it can be. In Michigan, there's not clear law. Okay. All right. Thanks very much to both of you for your briefs and arguments. Appreciate it. Case will be submitted.